UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: NACOR A. TRUJILLO JR. and
SYLVIA D. PADILLA TRUJILLO

Case No. 13-12434

Debtors.

MOUNTAIN AMERICA CREDIT UNION

Plaintiff,

v.

Adv. No. 13-1095

NACOR A. TRUJILLO JR. and
SYLVIA D. PADILLA TRUJILLO

Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion for Summary Judgment filed by Plaintiff Mountain America Credit Union ("Mountain America"). *See* Docket Nos. 15-16. Mountain America seeks a declaration that certain debts of the Defendants' are non-dischargeable under 11 U.S.C. § 523(a)(6). According to Mountain America, the Defendants willfully and maliciously converted its collateral by transferring the property to a third party without its knowledge or consent. After considering the Motion for Summary Judgment and the supporting papers, and being otherwise sufficiently informed, the Court finds the Motion should be denied.

SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted when the movant demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the ...

court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F2d 1238, 1241 (10th Cir. 1990)). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed .2d 202 (1986).

FACTS NOT SUBJECT TO GENUINE DISPUTE

1. Mountain America is a member of the National Federation of Credit Unions, authorized to do business in New Mexico. *See* Motion for Summary Judgment, ¶ 1; Complaint to Determine Dischargeability of Debt (the "Complaint") (Docket No. 1), ¶ 1; Answer to Complaint (the "Answer") (Docket No 8), ¶ 1.

2. On January 31, 2009, Defendant Nacor Trujillo entered into a contract for the purchase of a recreational vehicle (the "RV") with Mountain America's assignor, United RV Sales. *See* Motion for Summary Judgment, ¶ 3; Complaint, ¶ 5; Answer, ¶ 5; Closed End Note, Disclosure, and Security Agreement attached as Exhibit 1 to the Complaint (the "Security Agreement").

3. As part of the Security Agreement, Mr. Nacor executed a promissory note in favor of United RV Sales in the amount of $27,000. *See* Motion for Summary Judgment, ¶ 3;

Complaint, ¶ 5; Answer, ¶ 5; Security Agreement.  Mr. Nacor granted United RV Sales a security interest in the RV.  *Id.*

4. Sometime thereafter, United RV Sales assigned the Security Agreement (including the note) to Mountain America.  *See* Motion for Summary Judgment, ¶ 3; Complaint, ¶ 5; Answer, ¶ 5.

5. The Defendants are no longer in possession of the RV; they transferred possession to a third party.  *See* Motion for Summary Judgment, ¶¶ 4-5; Complaint, ¶¶ 6-7; Answer, ¶¶ 6-7.

6. The Defendants never reported the RV as stolen.  *See* Motion for Summary Judgment, ¶ 6; Complaint, ¶ 8; Answer, ¶ 8.

7. On July 22, 2013, the Defendants commenced a voluntary Chapter 7 case under the Bankruptcy Code (the "Petition Date").  *See* Docket No. 1 in Case No. 13-12434.

8. Mountain America was not aware that the Defendants had transferred possession of the RV until after commencement of the bankruptcy case.  *See* Motion for Summary Judgment, ¶ 7; Complaint, ¶ 9; Answer, ¶ 9.

9. As of the Petition Date, Mr. Trujillo was approximately 16 months past-due on his payments under the Security Agreement.  *See* Motion for Summary Judgment, ¶ 8; Complaint, ¶ 11; Answer, ¶ 11.  The arrears totaled $5,208.86 at that time, and Mr. Trujillo was in default under the Security Agreement.  *Id.*

10. As of the Petition Date, the balance due under the Security Agreement was $24,447.73.  *See* Motion for Summary Judgment, ¶ 9; Complaint, ¶ 12; Answer, ¶ 12.  The approximate value of the RV at that time was $16,320.00.  *Id.*

3

Case 13-01095-j    Doc 24    Filed 05/29/14    Entered 05/29/14 14:24:36 Page 3 of 8

DISCUSSION

Mountain America asserts the Defendants willfully and maliciously converted its collateral by their transfer of the collateral to a third party and its subsequent disappearance. Debts arising from "willful and malicious injury by the debtor to another entity or to the property of another entity" are excepted from the discharge. 11 U.S.C. § 523(a)(6). Section 523(a)(6) requires that the debtor's actions be *both* willful and malicious. *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004) (holding that there must be proof of both a "willful act" and "malicious injury" to establish nondischargeability under Section 523(a)(6)). The "willful" element requires both an intentional act and an intended harm; an intentional act that leads to an unintended harm is not sufficient. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). A "willful act" is therefore one in which the debtor "'desire[s] to cause the consequences of his act or ... believe[s] that the consequences are substantially certain to result from it.'" *Moore,* 357 F.3d at 1129 (quoting *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir. BAP 1999)). For a debtor's actions to be malicious, they have to be intentional, wrongful, and done without justification or excuse. *Fletcher v. Deerman (In re Deerman)*, 482 B.R. 344, 369 (Bankr.D.N.M.2012).[1]

---

[1] *See also Bombardier Capital, Inc. v. Tinkler (In re Tinkler),* 311 B.R. 869, 880 (Bankr.D.Colo.2004) (finding that "the malice prong of 11 U.S.C. § 526(a)(6) is satisfied upon a showing [that] the injury was inflicted *without just cause or excuse*.") (internal citations omitted) (emphasis in original)); *America First Credit Union v. Gagle (In re Gagle),* 230 B.R. 174, 181 (Bankr.D.Utah 1999) (finding that "[i]n order for an act to be willful and malicious it must be a deliberate or intentional injury (willful) that is performed without justification or excuse (malicious)"); *Saturn Systems, Inc. v. Militare (In re Militare),* 2011 WL 4625024, *3 (Bankr.D.Colo.2011) ("a *malicious* act under § 523(a)(6) is a wrongful act, done intentionally, without just cause or excuse.") (internal quotations omitted); *Tso v. Nevarez (In re Nevarez),* 415 B.R. 540, 544 (Bankr.D.N.M.2009) ("'Malicious' requires that an intentional act be performed without justification or excuse.") (internal quotations omitted). *But cf. McCain Foods USA, Inc. v. Shore (In re Shore),* 317 B.R. 536, 543 (10th Cir. BAP 2004) (pointing out that "neither *Geiger* nor the Tenth Circuit have explicitly addressed whether a plaintiff must demonstrate that an injury occurred without just cause or excuse in a § 523(a)(6) proceeding or even what circumstances might establish such an element[.]").

The Tenth Circuit applies a subjective standard in determining whether a defendant desired to cause injury or believed the injury was substantially certain to occur. *Via Christi Regional Medical Ctr. v. Englehart (In re Englehart)*, 2000 WL 1275614, at *3 (10th Cir. 2000) ("[T]he 'willful and malicious injury' exception to dischargeability in § 523(a)(6) turns on the state of mind of the debtor, who must have wished to cause injury or at least believed it was substantially certain to occur."). Evidence of the debtor's state of mind may be inferred from the surrounding circumstances. *Nat'l Labor Relations Board v. Gordon (In re Gordon)*, 303 B.R. 645, 656 n. 2 (Bankr.D.Colo.2003) (noting that it is "absolutely permissible to infer … actual intent to cause injury from … evidentiary facts.") (citations omitted).[2]

Conversion is defined as "the unlawful exercise of dominion and control over property belonging to another in defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *In the Matter of Yalkut,* 143 N.M. 387, 394, 176 P.3d 1119, 1126 (2008).[3] Under some circumstances, conversion can support a finding of non-dischargeability under 11 U.S.C. § 523(a)(6). *In re Pasek*, 983 F.2d 1524, 1527 (10th Cir .1993) (holding that conversion of another's property can constitute a willful and malicious injury within the meaning of Section 523(a)(6)) (*overruled in*

---

[2] *See also Allison v. Dean (In re Dean),* 2013 WL 1498305 (Bankr.M.D.Ala.2013) ("[T]he debtor's subjective intent in an action under section 523(a)(6) may be inferred from surrounding circumstances."); *Smith v. Davenport (In re Davenport),* 491 B.R. 911, 922 (Bankr. W.D.Mo. 2013) (noting that the "Court may consider both direct evidence of the debtor's subjective state of mind and evidence of the surrounding circumstances, and then may make appropriate inferences as to whether the debtor harbored the proscribed intent.").

[3] Although bankruptcy law governs whether a claim is nondischargeable under Section 523(a)(6), courts look to state law to determine whether an act constitutes conversion. *Bino v. Bailey (In re Bailey)*, 197 F.3d 997, 1000 (9th Cir.1999); *Soutsos v. Johns (In re Johns),* 2008 WL 3200096, *4 (10th Cir. BAP 2008) (applying Colorado's definition of conversion to analysis of whether a debt was dischargeable under Section 523(a)(6)); *Leon v. Cordova (In re Cordova),* 2013 WL 3934373, *6 (D.N.M. 2013) (noting that the defendant's actions constituted conversion under New Mexico law and determining that such conversion was "willful" for purposes of Section 523(a)(6)).

*part and modified by Kawaauhau v. Geiger*, 523 U.S. 57 (1998)).[4]  However, "[n]ot every conversion constitutes a willful and malicious injury." *Hernandez v. Musgrave (In re Musgrave)*, 2011 WL 312883, *11 (10th Cir. BAP 2011).  "There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice." *Bank of Commerce & Trust Co. v. Schupbach (In re Schupbach),* 500 B.R. 22, 32 (Bankr.D.Kan. 2013) (quoting *Davis v. Aetna Acceptance Co*., 293 U.S. 328, 332 (1934)).

Here, the undisputed facts establish that the Defendants transferred possession of Mountain Bank's collateral (*i.e.* the RV) to a third party without informing the bank.  Once the third party apparently absconded with the RV, the Defendants did not report it as stolen.  Such facts, without more, are inadequate to demonstrate that the Defendants' debts to Mountain America are nondischargeable under Section 523(a)(6).

First, it is not entirely clear from the evidence before the Court whether transferring possession of the RV violated the Security Agreement or whether the Defendants otherwise converted the collateral.[5]  Further, assuming a conversion has occurred, Mountain America is not automatically entitled to a judgment on its claim under Section 523(a)(6); it must also demonstrate that such conversion was willful and malicious.  Mountain America argues that the Defendants flouted their contractual obligations by transferring the RV and that they should have known such transfer would put the collateral at risk.  As explained above, there is no evidence on summary judgment that the Defendants violated their contractual obligations.  In addition, even

---

[4] *See also Farmers Ins. Group v. Compos (In re Compos),* 768 F.2d 1155, 1157 (10th Cir.1985) (concluding that Section 523(2)(6) "refers to willful and malicious conversions as well as injuries"); *Soutsos v. Johns (In re Johns),* 2008 WL 3200096, *4 (10th Cir. BAP 2008) ("There is no doubt that an act of conversion, if willful and malicious, is an injury to property within the scope of the § 523(a)(6) exception."); *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley)*, 235 B.R. 651, 655 (10th Cir. BAP 1999) (same).

[5] Many terms of the Note and Security Agreement submitted in support of the Motion for Summary Judgment are illegible.  If Mountain America intends to proffer a copy of such agreement at trial, counsel must submit a legible version along with its exhibits.

if the transfer was prohibited, a mere violation of the parties' agreement does not alone demonstrate willful and malicious conduct. *See, e.g., In re Musgrave*, 2011 WL 312883, 11 (10th Cir. BAP 2011) ("[A]n intentional breach of contract, without more, is not the type of injury addressed by § 523(a)(6)."). Additional circumstantial evidence is necessary to show that the Defendants believed the transfer was substantially certain to cause injury to Mountain America and had no justification or excuse for their conduct. Such circumstantial evidence could include information regarding whether the Defendants actively concealed information that would assist Mountain America in locating the collateral or otherwise interfered with the bank's ability to recover the collateral. These issues, as well as whether the Defendants believed that transferring possession of the RV would put the collateral at risk, are in material dispute.

In sum, the evidence before the Court is insufficient to conclude that, as a matter of law, the Defendants' conduct was willful and malicious for purposes of Section 523(a)(6). Mountain America is therefore not entitled to summary judgment on its claim under that section.

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment will be denied. The trial will proceed as scheduled on June 4, 2014. The Court will enter a separate order consistent with this memorandum opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: May 29, 2014
COPY TO:

Katharine Downey & Justin Sawyer
PO Box 1945
Albuquerque, NM 87102-1945

Kenneth G Egan
1111 E Lohman
Las Cruces, NM 88001-3268

Nacor A Trujillo, Jr. & Sylvia D. Padilla Trujillo
2874 Lake Valley Ave
Las Cruces, NM 88007